UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aleksandra Moch,<br>　　　Plaintiff,<br><br>　　　　v.<br><br>Town of Greenwich,<br>　　　Defendant. | No. 3:11cv1398 (SRU) |

### Ruling on Motion for Attorneys' Fees

This is a Title VII disparate treatment and hostile work environment action brought by plaintiff Aleksandra Moch against her employer, the Town of Greenwich (the "Town"). Following a grant of summary judgment in its favor, the Town moved for attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k) (doc. # 70). On April 3, 2014, the court issued an order awarding costs in the amount of $1,223.66 (doc. # 75). For the reasons discussed below, the Town's motion for attorneys' fees is denied.

### I. Background

At all times relevant to this litigation, plaintiff Aleksandra Moch has been employed by the Town as an Environmental Analyst. She instituted this Title VII action against her employer in 2011, alleging that she was discriminated against and subjected to a hostile work environment because of her sex and/or because she is of Polish national origin. Prior to instituting this action, Moch filed a complaint with the Connecticut Human Rights and Opportunities Commission ("CHRO"), alleging that on or about December 2008, her boss Michael Chambers began to single her out and subject her to a hostile work environment, by prohibiting her from using her cell phone at work, changing her job description, giving her less desirable assignments, and

1

requiring her to submit a doctor's note every time she is out of the office.  Moch asserted that she was the only employee subjected to these harsh measures; her coworkers were entitled to maintain a flexible work schedule and to use their cell phones freely.  Moch believed that Chambers discriminated against her because she is a Polish woman.

Moch received a Merit Assessment Review from the CHRO on July 8, 2009, which found that her complaint was viable and merited a full investigation.  She received a Right to Sue Letter from the Civil Rights Division of the United States Department of Justice ("DOJ") dated June 28, 2011.  Compl. ¶ 5 (doc. # 1).  Moch subsequently instituted this lawsuit, and her complaint largely mirrors the claims made in her 2009 CHRO complaint.  The Town acknowledged that Moch was disciplined at work, but asserted that this treatment stemmed from Moch's regular unexcused absences, frequent late arrivals, and misuse of Town time and resources to conduct outside consulting work.  After fairly extensive discovery, the Town moved for summary judgment.

At a hearing on January 17, 2014, I granted the Town's motion for summary judgment because there were no genuine issues of material fact giving rise to an inference of sex discrimination, and Moch herself had abandoned her national original discrimination claim.  Although it was clear that Moch did not get along with Chambers and that Chambers had taken numerous adverse actions against her (including issuing several letters of reprimand and two suspensions without pay), the record was devoid of evidence suggesting that Chambers behaved this way because Moch is a woman or because she is Polish.  Instead, the evidence pointed to a clash of personalities that produced a working relationship fraught with tension, animosity and

mistrust. The dynamic between Moch and her employer might be unpleasant, but it was not actionable under Title VII.

## II. Discussion

Under Title VII, a court may award the prevailing party reasonable attorneys' fees. 42 U.S.C. § 2000e-5(k). Attorneys' fees are regularly awarded to prevailing plaintiffs in Title VII actions; however, "they are not routinely awarded to prevailing defendants." *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 50 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 1280 (U.S. 2013). The landmark Supreme Court decision *Christiansburg Garment Co. v. EEOC* established that in order for a prevailing defendant to collect attorneys' fees under Title VII, the defendant must show that "the plaintiff's action was frivolous, unreasonable or without foundation . . . or that the plaintiff continued to litigate after it clearly became so." 434 U.S. 412, 422 (1978). "This heavier burden is placed upon prevailing defendants in order to balance the policies in favor of encouraging private citizens to vindicate constitutional rights with those policies aimed at deterring frivolous or vexatious lawsuits." *Lamson v. Blumenthal*, No. 3:00-CV-1274 (EBB), 2003 WL 23319516, at *2 (D. Conn. Oct. 3, 2003) (citing *Christiansburg*, 434 U.S. at 422).

The decision to award fees to a defendant is "entrusted to the discretion of the district court." *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001). In exercising that discretion, a district court should consider the procedural history of the case; however, whether or not the case survived a motion for summary judgment is not dispositive of a motion for attorneys' fees. *See Perry v. S.Z. Rest. Corp.*, 45 F. Supp. 2d 272, 274 (S.D.N.Y. 1999); *see also Taylor*, 690 F.3d at 50 ("To be clear, by 'meritless' we mean 'groundless or without foundation,' and not merely that Taylor ultimately lost her case.").

In *Christiansburg*, the Supreme Court urged district court judges to "resist the understandable temptation to engage in post hoc reasoning" in deciding whether to award a defendant attorneys' fees, because "the course of litigation is rarely predictable" and "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." 434 U.S. at 422-23.  As a result, the cases that have been found "frivolous, unreasonable, or without foundation" typically involve particularly vexatious behavior on the part of the plaintiff.  For example, the Second Circuit has upheld the imposition of attorneys' fees where the plaintiff previously litigated the issues and lost before bringing his or her claim in federal court.  *See Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 246 (2d Cir. 1985); *GerenaValentin v. Koch*, 739 F.2d 755, 756-57 (2d Cir. 1984).  It also upheld the imposition of attorneys' fees in a case where the plaintiff instituted an action against a party that was not a proper defendant in a Title VII case.  *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir.1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).  By contrast, the mere fact that a plaintiff's claim is weak, without more, does not mandate the imposition of attorneys' fees in favor of a prevailing defendant.  *See, e.g.*, *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006) (upholding denial of attorneys' fees in Title VII action brought by white male alleging "Indian Conspiracy" in his workplace, where plaintiff's claim was so weak that he abandoned it at oral argument on motion for summary judgment).

Taking guidance from those decisions, I find that attorneys' fees are not warranted in this case.  Moch is a member of a protected class as a Polish woman and she suffered several adverse employment actions at work.  She subjectively believed that there was a causal link between her

protected status and the harsh course of discipline implemented by her boss.  An initial CHRO Merit Assessment Review concluded that Moch's complaint was viable and merited a full investigation, and Moch properly obtained a Right to Sue letter from DOJ before instituting her action in this court.  Although I found that the record did not support an inference of sex or national origin discrimination, Moch's claims were not frivolous at their inception and she did not continue to pursue them once they were deemed insufficient.  *Davenport v. Nassau Cnty. Sheriff's Dep't*, 22 F. Supp. 2d 40, 42 (E.D.N.Y. 1998) (holding that plaintiff's claims were not "frivolous, unreasonable, or groundless" where plaintiff was member of protected class and received adverse employment decisions, but nevertheless failed to establish prima facie case of Title VII race discrimination, because he failed to prove that adverse employment actions were taken in circumstances giving rise to inference of discrimination).  In sum, this is not a case where the plaintiff's behavior justifies the imposition of attorneys' fees, because she simply lost.

### III.    Conclusion

For the foregoing reasons, the defendant's motion for attorneys' fees is DENIED.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of April 2014.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

5